IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

V.                           Criminal No. 07-50033-001

JORGE BRETADO-PATINO                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is the Defendant's pro se **Motion for Reduction of Sentence (Doc. 81)** and the Government's Response (Doc. 85) thereto. The undersigned, being well and sufficiently advised, finds and recommends as follows:

1.     On January 10, 2008, the Defendant was sentenced to two concurrent terms of 96 months imprisonment and three year terms of supervised release, a $10,000.00 fine, and a $200.00 special assessment.

2.     On January 13, 2011, the Defendant filed the Motion now before the undersigned, asserting:

> On November 1, 2010[,] a new set of rules for the amendments will enter into effect and under 18 U.S.C.A. [§] 3582(c), I beg this Honorable Court to apply these amendments as a greater range of sentencing options to the Court with respect to offense[]s of certain crimes is now applicable. I respectfully request to this Honorable Court that it should consider now relevant under [§] 3553[,] Age, Mental and Emotional Conditions, Physical Conditions and even past military service .... Furthermore, I want to be considered for the specific departure based on cultural assimilation ... and or any combination of departures and variances.

(Doc. 81 at pg. 1.) The Government responds that Defendant's Motion should be denied, as none of the November 2010 Amendments to the United States Sentencing Guidelines have been made retroactive.

4.Pursuant to 18 U.S.C. § 3582(c)(2):

The court may not modify a term of imprisonment once it has been imposed except that ...[,] in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission lists the Guidelines Amendments that may be retroactively applied in U.S.S.G. § 1B1.10(c). The November 1, 2010 Amendments to the Sentencing Guidelines are Amendments 739 through 747. None of these Amendments are listed in § 1B1.10(c), and thus, they do not apply retroactively. Accordingly, the Amendments do not provide any basis for reducing the Defendant's sentence.

5.Based upon the foregoing, the undersigned finds that the Defendant's **Motion (Doc. 81)** is without merit and recommends that it be **DENIED**.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 11th day of March 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE